IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
FEBRUARY SESSION, 1997

FILED

August 15, 1997

Cecil W. Crowson
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
| --- | --- | --- |
| Appellee | ) | No. 01C01-9605-CC-00195 |
| | ) | WHITE COUNTY |
| vs. | ) | |
| | ) | Hon. LEON BURNS, JR., Judge |
| CHARLES CLAY YOUNG, | ) | |
| | ) | (Solicitation to Commit First Degree |
| Appellant | ) | Murder -- Two Counts) |

## SEPARATE CONCURRING OPINION

While I concur in the affirmance of the appellant's convictions, I do so for reasons other than those announced by the majority. I write separately to address the issues of venue, authentication of the audio tape and impeachment by prior conviction.

First, I find the law dispositive of the issue of venue to be Tenn. Code Ann. § 39-11-103(d) (1991) which provides in pertinent part: "[i]f one or more elements of an offense are committed in one county and one or more elements in another, the offense may be prosecuted in either county." The proof is undisputed that all or part of the appellant's solicitations to murder his ex-wife and son occurred in White County. This proof is sufficient to establish venue by a preponderance of the evidence. Tenn. Code Ann. § 39-11-201(e)(1991).[1]

Next, the appellant argues that introduction of the audio tape into evidence was error. Specifically, he contends that "no witness testified that any voice on the tape recording was that of the Defendant." I find the appellant's argument to be correct. The majority concludes that the audio tape was properly admitted citing as authority Tenn. R. Evid. 901(a) and case law which holds that properly authenticated evidence is left to the discretion of the trial court. I find

---

[1]In this regard it is noted that the trial court improperly charged the jury that venue must be proven "beyond a reasonable doubt."

that the controlling law on this issue rests not upon the discretion of the trial court but upon compliance with Rule 901(a)(5) which deals specifically with the issue of voice identification. In essence this rule requires that, as a "condition precedent to admissibility," the voice on the tape recording must be identified "by opinion based upon hearing the voice at any time under circumstances connecting it to the alleged speaker." Tenn. R. Evid. 901(b)(5). See also State v. Parker, No. 02C01-9606-CR-00188 (Tenn. Crim. App. at Jackson, Apr. 23, 1997).

In the present case, the appellant's voice was not identified prior to the tape's admission, therefore, the tape was not properly authenticated, and, thus, was improperly admitted. Parker, No. 02C01-9606-CR-00188 (citing State v. Smith, 868 S.W.2d 561, 577 (Tenn. 1993)). Notwithstanding error, which I find to be harmless, the appellant's claim is procedurally defaulted for failing to raise a contemporaneous objection to its admissibility upon this ground and upon failure to include the issue in his motion for new trial. See Tenn. R. Evid. R. 103(a) and Tenn. R. App. P. 3(e).

Finally, the majority concludes that evidence of the appellant's prior conviction for arson was more prejudicial than probative absent any evidence of the attendant facts. I respectfully disagree. The appellant's credibility was very much an issue in this case. A prior conviction for arson, a felony, was relevant to counter that contention, and was certainly more probative than prejudicial in value. See State v. Hunter, No. 30 (Tenn. Crim. App. at Jackson, Feb. 8, 1989).

Based upon the foregoing reasons, I would affirm the appellant's convictions.

_____
DAVID G. HAYES, Judge

2